JOHN R. CLARKSON et al., Appellants and Appellees, v. IOWA-DES MOINES NATIONAL BANK & TRUST COMPANY, Trustee, et al., Appellees; DONALD J. METCALF, Administrator, et al., Appellees and Appellants.

No. 41963.

MARCH 6, 1934.

REHEARING DENIED JUNE 23, 1934.

O. M. Brockett, for appellants-appellees John R. Clarkson and Elizabeth Clarkson.

Lehmann, Hurlburt & Hossfeld, for appellees and Iowa-Des Moines Nat. Bank & Trust Co., trustee.

Walter L. Stewart and Albert C. Roberts, for appellee Donald J. Metcalf, administrator, and appellees-appellants.

EVANS, J.—The original transaction under investigation herein occurred in 1923. It consisted of negotiations for a bond issue for the benefit of Joseph Zwart upon .a certain leasehold interest in real estate owned jointly by Zwart and Clarkson. These two men were brothers-in-law. Clarkson and Mrs. Zwart were brother and sister. The record title of the leasehold interest was in Zwart, but Clarkson was the equitable owner of a one-half interest therein. Zwart besought Clarkson to permit him to negotiate a bond issue for $60,000 by means of a trust deed upon the property. The request was acceded to by the Clarksons and a bond issue of $60,000 was negotiated upon the security of a trust deed of the property. We avail ourselves of the purported statement of facts contained in appellants' brief as follows:

"That on or about the 3rd day of August, 1917, Joseph S. Zwart, now deceased, procured a lease of certain real estate described in plaintiffs' petition for a period of forty-four years from August 1, 1917; that immediately thereafter plaintiffs entered into an oral contract with said Zwart for the erection of a building on said leased premises in which the interests of the contracting parties should be equal, and one-half of the net income therefrom should be accounted for to plaintiffs; that said building was constructed in accordance with said oral agreement, each party thereto contributing one-half of the cost thereof, and the net income therefrom was divided between said parties equally until the death of said Zwart which occurred on or about the third day of December, 1929.

"That during the spring and summer of 1923 Joseph S. Zwart and his then wife, Bertha C. Zwart, a sister of plaintiff John R. Clarkson, solicited plaintiffs to consent to an encumbrance of all

the rights of plaintiffs and themselves in and to said premises to secure an issue of bonds upon which to procure funds for Mr. Zwart's own personal use and as an accommodation to him; that after much solicitation, and on or about the 18th day of October, 1923, and solely as an accommodation to said Joseph S. Zwart, and relying upon assurances then made to them by said Joseph S. Zwart and Bertha C. Zwart that they would secure them and that they would reconvey such interest back to them (the plaintiffs) within ten years, *free and clear from such contemplated encumbrance and all other encumbrances that might be placed upon said premises thereafter,* said plaintiffs executed and delivered to said Zwart, without any consideration whatever, therefor, their quit-claim deed quit-claiming to said Joseph S. Zwart, and solely for said purpose as above stated, all their interest in and to said premises.

"That at the same time and as a part of the same transaction the said Joseph S. Zwart and his wife, Bertha Clarkson Zwart, entered into said written contract with plaintiffs to reconvey said one-half interest in said premises to plaintiffs, and upon failure to so convey according to said contract, to pay plaintiffs the sum of $40,000 as compensation and liquidated damages.

"That on or about the first day of November, 1923, said Joseph S. Zwart and Bertha C. Zwart executed and delivered to the Central Trust Company of Des Moines, Iowa, as trustee, a trust deed conveying said premises to secure the payment of an issue of bonds in the sum of $60,000.00; that the defendant Iowa-Des Moines National Bank & Trust Company became the successor and acting trustee in said trust deed; that said Joseph S. Zwart died intestate on or about the 3rd day of December, 1929, and Donald J. Metcalf was duly appointed and qualified as administrator of said estate, and is still acting as such; that a claim was filed against said estate by said trustee claiming a balance due on said bond issue of $38,000.00; that in January or February, 1931, said administrator filed a report and application to the court stating that he had an opportunity, as administrator, to pay, discharge, and satisfy said claim and all of said bonds remaining unpaid, and the lien of the trust deed, by conveyance of all of the estate's interest in and to said premises, to a committee representing said bondholders, and praying an order of court authorizing the payment of said bonds by that means. That on or about the 21st day of February, 1931, notice was given Donald J. Metcalf, as administrator of said estate, and the Iowa-Des

Moines National Bank & Trust Company, Trustee, by the plaintiffs herein that they claimed an undivided one-half interest in said premises, which said notice and service thereof was accepted on the same date by said trustee as shown by Exhibit 'D', page 199, commencing line 32, and continuing to line 23 on page 201 of appellants' abstract now on file herein.

"That on or about the 5th day of March, 1931, said administrator executed and delivered to said bondholders' committee a probate deed conveying the interest of said estate in said premises. Thereupon said trustee executed its instrument in writing acknowledging that said trust deed is redeemed, paid off, satisfied and discharged of record, same being filed for record on the 27th day of March, 1931, and duly recorded on same date.

"At the same time said trustee executed and delivered to Frank P. Clarkson and Louise K. Clarkson its release of each of them from the obligations assumed by them under their guaranty agreement guaranteeing the payment of the Zwart bonds.

"That the grantees in said administrator's deed took possession of said premises to the exclusion of plaintiffs, ignoring the rights of plaintiffs therein."

From the same argument of appellants, we quote the "Nature of the Defense", as follows:

"The defendant, Donald J. Metcalf, as administrator, appellee and appellant herein, claims to have only conveyed to the bondholders' committee whatever interest his intestate owned in said real estate at the time of his decease, and, therefore, is not liable to plaintiffs on account thereof, and having secured the release of the trust deed or encumbrance against said premises and the release of the guarantors on their guaranty, that he has performed the covenants of the said Joseph S. Zwart and Bertha C. Zwart to the plaintiffs according to the terms of said contract above referred to, and that he, as administrator, conveyed only such interest in the premises as the said Zwart died seized of, and that as plaintiff John Clarkson never parted with his beneficial or equitable interest therein he is still such owner freed from the lien of such trust deed as fully as if the indebtedness secured thereby had been paid and discharged by the obligors in accordance with the terms of said bonds and of the trust deed securing the same, and is not resisting plaintiffs' demand that he be ordered to make such conveyance.

"The defendant Bertha C. Zwart claims that by reason of said administrator having secured the release of said real estate from the encumbrances thereon by the execution of said trust deed, she is personally released from the obligations imposed on her by said contract between herself, said Joseph S. Zwart, deceased, and the plaintiffs, and making no resistance to plaintiffs' demand that she be ordered to make conveyance as prayed.

"The defendants Iowa-Des Moines National Bank & Trust Company, Trustee, and William C. Harbach, Harry D. Rawson, H. H. Griffiths, and James McKeon, bondholders' committee, claim that they are the absolute and unqualified owners of said real estate by purchase thereof from Donald J. Metcalf, as administrator of the estate of Joseph S. Zwart, deceased, without notice or knowledge of the interest therein claimed by said plaintiffs.

"That the notice served upon Victor H. Pulis, Assistant Trust Officer of the Trustee Bank, was served too late to affect the rights of the parties in this case."

Appellants' grounds of complaint as against the decree are as follows:

"1. The court erred in dismissing appellants' petition as against the appellees the Iowa-Des Moines National Bank & Trust Company, Trustee, and the Bondholders Protective Committee.

"2. The court erred in construing the contract between Joseph. S. Zwart and Bertha C. Zwart, and John R. Clarkson and Elizabeth Clarkson, to be in the alternative, giving the Zwarts and their legal representatives the option to convey or to pay the penalty.

"3. The court erred in holding that appellants' exclusive remedy as provided by the terms of said contract is a suit at law to recover damages for failure to convey.

"4. The court erred in holding that appellants were not entitled under said contract to a decree of specific performance."

The foregoing constitutes a succinct statement of the points of debate in the case.

I.   From the foregoing it appears that Clarkson was originally the owner of the undivided one-half of the property, which became pledged for the bond issue. His title did not appear of record, nor did he have any paper title. His title rested upon an oral agreement between him and the Zwarts. He was, however, a tenant in common and both tenants were in joint possession of the property.

The trustee of the bond issue refused to accept from Zwart the title which he presented. For the purpose of obviating that objection, and of conferring upon Zwart the full and undivided title, the Clarksons conveyed to Zwart their full interest in the property by quitclaim deed, and with Zwart caused the same to be filed of record. It was clearly intended both by the Clarksons and the Zwarts that the trust deed to be executed for the bond issue should include the full title thus vested in Zwart. The bonds were issued on the faith of a full and undivided title to the security. The present attitude of Clarksons is that notwithstanding their quitclaim deed, they still in fact retained the ownership of the property thus conveyed and they predicate their claim upon the contract executed by the Zwarts whereby they agreed to pay the bond issue within a period of ten years and to restore to the Clarksons free and clear of all incumbrance, their undivided one-half of the bonded property. At this point their petition alleged as follows:

"Par. 5. That during the spring and summer of 1923 the said Joseph S. Zwart solicited the plaintiffs to consent to an encumbrance of all of the rights of both the plaintiffs and the said Joseph S. Zwart in and to said premises to secure an issue of bonds upon which to procure funds to make an investment which the said Joseph S. Zwart desired to make, and purely as an accommodation to him. That finally, and on or about the 18th day of October, 1923, solely for such purpose and as an accommodation to the said Joseph S. Zwart, whose wife, defendant Bertha C. Zwart, is a sister of plaintiff John R. Clarkson, and in reliance upon assurances and promises that he then made that no risk would be incurred by the plaintiff in extending to him such accommodation, and that indemnity security would be given plaintiffs to protect their interests against such encumbrance and to give them a preference over all other creditors for such protection, and to reconvey such interest to the plaintiffs within ten years from the date thereof, *free from the encumbrance contemplated and any and all other encumbrances not existing at the date of the execution of the deed hereinafter referred to,* the plaintiffs executed, and about October 18, 1923, delivered to the said Joseph S. Zwart their quit-claim deed, quit-claiming to the said Joseph S. Zwart solely for said purpose, all their interest in said building and leased premises aforesaid."

The contract executed by the Zwarts contains the following:

"That Second Parties will execute to First Parties a Quit Claim Deed, conveying all their right, title and interest in the property above referred to. In consideration therefore, First Parties agree with the Second Parties that they will continue, during the time this agreement is in force, to pay to Second Parties one-half ($\frac{1}{2}$) of the net profits derived from the said building and, on or before September 1st, 1933 (that being the date when said bond issue finally matures), *will return said Quit-claim Deed or transfer back to John R. Clarkson the interest in said property so quit-claimed.*

"If, for any reason, First Parties shall fail to transfer back to Second Parties, by September 1st, 1933, the property interest above described, First Parties jointly and severally bind themselves to pay to Second Parties in lieu thereof, on September 1st, 1933, the sum of Forty Thousand ($40,000.00) Dollars, which is fixed and determined between them as full compensation and liquidated damages for such failure, and for the interest of Second Parties in said property."

The case presented by the plaintiffs simmers down to this: That notwithstanding their conveyance of the property to Zwart, for the purpose of enabling him to pledge it for a bond issue, they still owned it by virtue of their *contract* with Zwart. The Zwarts negotiated the bond issue of $60,000 and obtained the proceeds thereof. They executed a trust deed for the property to secure the same. In so doing they acted within the purpose and intent of the Clarksons as grantors in the quitclaim deed. There is no claim of any excess of authority or breach of contract on the part of the Zwarts up to this point. The breach of contract of the Zwarts came later when they failed to pay the bonds and thereby failed to discharge the incumbrance upon the property pledged. From this breach of the contract the bondholders were sufferers as well as the Clarksons. This breach of performance on the part of the Zwarts gave to the Clarksons no grievance as against the bondholders. Nor did it diminish one whit the right of the bondholders to resort to their security and to all of it. The property conveyed to Zwarts by the Clarksons was pledged for the payment of the bonds as effectively and completely as was any other part of the property. The bonds were drawn to mature in installments over a period of ten years. After seven years, the Zwarts defaulted in the payment of installments of principal, and were never able thereafter to resume

payments. Installments to the amount of $22,000 of principal had been paid leaving $38,000 yet to be paid. Upon the death of Joseph Zwart in 1929 his administrator, Metcalf, negotiated a settlement with the trustees and bondholders whereby the trustees accepted the pledged property in full payment of the bonds. After the settlement was agreed upon, but before its full consummation, the Clarksons served a notice upon the agents of the bondholders that they owned a one-half interest in the property.

The said notice registered objections in part as follows:

"The undersigned further notifies each of you that he claims that all orders in probate in the matter of the estate of Joseph S. Zwart, deceased, now pending in the District Court of the State of Iowa for Polk County, prejudicial to his said rights are claimed by him to be void, and that if he shall become advised that it is necessary to protect his interest, will ask that the same be set aside."

The foregoing indicates the conception entertained by the Clarksons of their rights in the case. They contend that their notice was given before consideration had completely passed and that therefore all further transactions between the administrator and the bondholders were wholly void as to the Clarksons, though allegedly valid as to the Zwarts. The argument follows to the effect that the transactions being valid as between the Zwarts and the bondholders, are therefore effective to discharge the bonds and to release that one-half of the pledged property claimed by the Clarksons. The relief prayed is that they have conveyance from the Zwarts and the Zwart estate of one-half of the pledged property and that such conveyance be decreed effective against the trustee and bondholders and as discharging all incumbrances upon the property and as conferring upon the Clarksons the title to one-half of the property free and clear of all incumbrances. If they be entitled to any alternative or lesser relief than the foregoing, it is not suggested in pleading or argument.

The relief thus claimed amounts to nothing less than a repudiation of the quitclaim deed. That deed was valid and binding when it was delivered and is nothing less now. Unless the plaintiffs are entitled to repudiate it, they gain nothing by serving notice of their .claims. The title passed to Zwart for the very purpose of enabling him to pledge the same in negotiation for the bond issue. The conveyance became as irrevocable as any other contract. There has

been no breach or failure of any kind on the part of the bondholdes or their trustee. The practical effect of the relief sought by the plaintiffs is directed solely against the bondholders. The relief prayed would work no detriment against any other party to the case. Manifestly there can be no relief available to the Clarksons, which subordinates the title of the bondholders to the claims of the plaintiffs. It is quite conceivable that a state of facts might have arisen which would equitably entitle the Clarksons to redeem from the trust deed by paying the bond issue. Nothing of that kind, however, is contended for, either in pleading or argument.

The first point argued by appellants in their brief is that the provision in the contract for liquidated damages of $40,000 does not operate as a bar to specific performance. The primary fault of this argument is that it assumes that the provision for liquidated damages is the only obstacle in the way of specific performance. We may safely concede, as a matter of law, that a provision for liquidated damages for failure of performance is not necessarily or usually a bar to specific performance if the right would otherwise exist. The plaintiffs had no contract for any performance with the bondholders or with their trustee. The contract upon which they sue was the contract of the Zwarts only. The implications of the record are that the Zwart's estate is insolvent. Specific performance by way of paying off the incumbrance is therefore impossible. The contract with the Zwarts called for liquidated damages to the amount of $40,000. This amount was allowed the plaintiffs in the court's decree. But the plaintiffs quite spurn it. We take this to mean that it is not collectible. If it were, then the judgment would be quite the equivalent of a decree of specific performance, requiring the Zwarts to pay off the bonds. The essence of the case is that under cover of a contract with the Zwarts, the plaintiffs are seeking performance from the bondholders by requiring them to cancel the bonds as against the plaintiffs.

In the absence of some ground of relief from the operation of the quitclaim deed, the plaintiffs had no higher right against the bondholders than the Zwarts had, or have. The plaintiffs conveyed their property to Zwart for the very purpose of enabling Zwart to do what he later did do. He did pledge it. His action was as effective to that end as was the pledging of his own property. His ownership extended to the whole property, and this result was attained by the deliberate act of the plaintiffs. Their present challenge

to the title of the bondholders is nothing less than an attempted repudiation of their conveyance. There is not a line in the record that furnishes ground for such repudiation. The right of the plaintiffs whatever it be is not founded upon notice to an alleged third party either before the payment of consideration or thereafter. The bondholders parted with their consideration not at the time of the settlement, but at the time the loan was made. The decree of the trial court granted the plaintiffs the full equivalent of all the relief they asked as against the makers of the contract sued on. They have no grievance up to that point. If the plaintiffs had sought to protect their rights as between them and the Zwarts, by redeeming the bonds, and charging the cost thereof to the Zwarts and to their property, a different question would be presented. In such a situation there would be some room for extending equitable relief quite independently of a contract for it. But the plaintiffs are not entitled to repudiate their quitclaim deed, nor entitled to subordinate to their own interest the rights acquired by the bondholders under such quitclaim deed.

The decree of the district court is accordingly affirmed.

CLAUSSEN, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.